(Nos. 2703-2704-2705, Consolidated—)

JOSEPHINE TYRRELL, BERNARD TYRRELL AND WILBUR P. TYRRELL, JR., Claimants, vs. STATE OF ILLINOIS, Respondent.

Opinion filed October 11, 1938.

FRANK J. TYRRELL and PAUL J. DONOVAN, for claimants.

OTTO KERNER, Attorney General; GLENN A. TREVOR and MURRAY F. MILNE, Assistant Attorneys General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

Wilbur P. Tyrrell was employed by the Department of Public Welfare, at the St. Charles School for Boys. He was an electrical engineer under the classified Civil Service of the State of Illinois. He was first assigned to Chester in April, 1934 and was later transferred to the St. Charles School for Boys. His duties were to install, operate and repair electric light, power and telephone equipment and electrical work in connection with the maintenance and upkeep of State buildings. On July 18, 1934 while attempting to repair an elec-

trically driven grist mill in a barn or storehouse on the premises of the St. Charles School for Boys, he was killed.

Separate claims were originally filed by Josephine Tyrrell, his widow, and by each of his two minor children, Bernard Tyrrell and Wilbur P. Tyrrell, Jr.

A motion to dismiss was filed by respondent for each of said claims, and thereafter an amended complaint was filed and a joint motion to consolidate the three cases was allowed.

The evidence discloses that claimant Josephine Tyrrell and the deceased were married June 1, 1917. On the day of the accident and death of Wilbur P. Tyrrell, July 18, 1934, their son Wilbur was fifteen years of age and their son Bernard was of the age of twenty-one months. All three were living with deceased at the time of his death and were dependent upon him for support. The widow had not remarried at the time the testimony in this case was taken, on July 14, 1938.

The motor which operated the grist mill was an unusually large one. It was mounted on a large plank platform. The shaft from the motor ran in an easterly and westerly direction, and to this was fastened a large pulley and from it a belt which ran to the grist mill in the far end of the building. The motor had been giving some trouble and it had been the custom of the boys at the School to start it with a crowbar. The deceased was apparently working on the motor and while it was running the pulley broke and the spokes flew from same, one or more of them striking the deceased. When other employees reached him he was lying on the floor in a pool of blood with particles of brain tissue showing on one of the spokes. Parts of the wheel went through the roof, and upon examination of same there had apparently been a crystallization or a defect in same.

John F. Tyrrell, a brother of decedent, communicated with Robert F. Havlik, Superintendent of St. Charles School for Boys, on the day of the Coroner's inquest, stating that he represented Mrs. Tyrrell and the children in regard to their claim for compensation, and was informed that the matter would be communicated to the Department of Public Welfare. On the 19th day of July, 1934, a written request was made by him on behalf of the widow and children to Superintendent Havlik for compensation under the Workmen's Compensation Act. On July 26, 1934 a copy of the Rules of the Court

of Claims was sent to Josephine Tyrrell with a letter from the Department of Public Welfare over the signature of Malden Jones, Personnel Officer, suggesting the proper procedure for her in furthering her claim for an award under the Act. Claimant's annual wages during the year preceding his death were One Thousand Eight Hundred Seventy-two ($1,872.00) Dollars, being at the rate of Seven and 20/100 ($7.20) Dollars per day on the basis of five days of work per week, or an average of Thirty-six ($36.00) Dollars per week. The court finds from the record:

1. That the deceased Wilbur P. Tyrrell and respondent were, at the time of the accident and death of the former, both operating within the terms of the Workmen's Compensation Act.

2. That the injury and death of Wilbur P. Tyrrell was caused by an accident which arose out of and in the course of his employment by the State of Illinois.

3. That respondent had actual notice of the accident and that notice of claim, and application for compensation were made within the statutory limits prescribed by said Act.

4. The deceased's annual earnings for the year preceding his death in the employment in which he was then engaged were One Thousand Eight Hundred Seventy-two ($1,872.00) Dollars, or an average weekly wage of Thirty-six ($36.00) Dollars.

5. That he left surviving him as his widow, Josephine Tyrrell, and his two sons, Bernard Tyrrell and Wilbur P. Tyrrell, Jr., both of the latter being under the age of sixteen years on the date of said accident, each of said persons being equally dependent upon the deceased for his or her support.

6. That under the terms of the Illinois Workmen's Compensation Act in force on July 18, 1934, Paragraphs (a), (g) and (h), Section 7, the amount of compensation due under the foregoing facts would be four times the average annual earnings, but not greater than Four Thousand ($4,000.00) Dollars plus Eight Hundred ($800.00) Dollars because of said two children, making a total of Four Thousand Eight Hundred ($4,800.00) Dollars. That such compensation should, in the opinion of the court be payable to the said surviving widow Josephine Tyrrell for the benefit of herself and the said two minor children.

7. That said award is payable in weekly installments

of Sixteen ($16.00) Dollars per week by reason of the increase from the usual maximum of Fifteen ($15.00) Dollars to Sixteen ($16.00) Dollars, by reason of the existence of two children under the age of sixteen years at the time of the injury.

8. That two hundred twenty-two (222) weeks of compensation will have accrued to October 11, 1938 which amounts to Three Thousand Five Hundred Fifty-two ($3,552.00) Dollars, which is payable at this time and the balance of said compensation, i. e. One Thousand Two Hundred Forty-eight ($1,248.00) Dollars is payable in seventy-eight (78) weekly installments of Sixteen ($16.00) Dollars per week, commencing October 18, 1938.

An award is therefore hereby entered, in the sum of Four Thousand Eight Hundred ($4,800.00) Dollars, payable to Josephine Tyrrell for the use of herself and Bernard Tyrrell and Wilbur P. Tyrrell, Jr.; the sum of Three Thousand Five Hundred Fifty-two ($3,552.00) Dollars being payable immediately; and the sum of One Thousand Two Hundred Forty-eight ($1,248.00) Dollars being payable at the rate of Sixteen ($16.00) Dollars per week in seventy-eight (78) weekly installments, commencing October 18, 1938.

This award being subject to the provisions of an Act entitled, ''An Act Making an Appropriation to Pay Compensation Claims of State Employees and Providing for the Method of Payment Thereof,'' approved July 3, 1937 (Sess. Laws 1937 p. 83), and being, by the terms of such Act, subject to the approval of the Governor, is hereby, if and when such approval is given, made payable from said appropriation from the General Revenue Fund in the manner provided for in such Act.